UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x
TRUSTEES OF THE PENSION AND WELFARE  :
FUNDS OF THE MOVING PICTURE MACHINE  :
OPERATORS UNION, LOCAL 306,          :         ORDER
                                     :         11-CV-5882 (DLI)
                        Plaintiffs,  :
                                     :
    -against-                        :
                                     :
QUEENS CIRCUIT MANAGEMENT CORP.,     :
MANUEL DIAZ, and JOSE DIAZ,          :
                                     :
                        Defendants.  :
------------------------------------------------------------------- x
GOLD, STEVEN M., U.S.M.J.:

Plaintiffs, Trustees and fiduciaries of various union funds, bring this action seeking defendants' unpaid withdrawal liability pursuant to the Employer Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1399(c). Plaintiffs seek a judgment to recover monies allegedly owed by defendants to the Funds pursuant to ERISA and the terms of a 2009 stipulation.

By Order dated February 8, 2012, the Honorable Dora L. Irizarry referred plaintiffs' motion for a default judgment against Jose Diaz to me for a report and recommendation on what relief should be awarded.[1] Absent a further application by plaintiffs, however, a determination of damages should be deferred to a later stage of this litigation for several reasons.

First, in a multi-defendant case,

> where some but not all defendants have defaulted, the courts have consistently held that it is appropriate to enter judgment solely as to liability and not as to the amount of damages to be assessed against the defaulting party, since a separate determination of damages would pose the prospect of inconsistent judgments.

---

[1] Defendants Queens Circuit Management Corp. and Manuel Diaz have appeared in the action.

*Montcalm Publ'g Corp. v. Ryan*, 807 F. Supp. 975, 978 (S.D.N.Y. 1992) (internal quotation marks and citation omitted). This principle derives from the Supreme Court's decision in 1872 in *Frow v. De La Vega*, 82 U.S. 552 (1872). The *Frow* holding has been narrowed to cases involving true joint liability. *Friedman v. Lawrence*, 1991 WL 206308, at *2 (S.D.N.Y. Oct. 2, 1991). *See also Int'l Controls Corp. v. Vesco*, 535 F.2d 742, 746 n.4 (2d Cir. 1976). Nonetheless, courts have also consistently delayed damages inquests even where a plaintiff seeks joint and several liability in order "'to avoid the problems of dealing with inconsistent damage determinations.'" *Lawrence v. Vaman Trading Co., Inc.*, 1993 WL 190266, at *2 (S.D.N.Y. May 28, 1993) (*quoting In re Uranium Antitrust Litig.*, 617 F.2d 1248, 1261-62 (7th Cir. 1980)). *See also Clement v. United Homes, LLC*, 2010 WL 4941489, at *2 (E.D.N.Y. Nov. 30, 2010); *3947 Austin Blvd. Assocs. v. M.K.D. Capital Corp.*, 2006 WL 785272 (S.D.N.Y. Mar. 24, 2006) (concluding that assessment of damages against defaulting defendants was premature, even though defendants jointly and severally liable); *Montcalm*, 807 F. Supp. at 978 (same); *Friedman*, 1991 WL 206308, at *4 (same). *But see Int'l Gemmological Instit., Inc. v. Rafaeil*, 2005 WL 3880222, at *3 (S.D.N.Y. Aug. 17, 2005) (finding no reason to delay damages assessment despite concerns of inconsistency).

Determining the damages to be imposed against the defaulting defendant at this stage of the litigation would pose a risk of inconsistent awards. Plaintiffs are trustees of ERISA benefit funds and allege that, pursuant to stipulation and ERISA, corporate defendant and its principals jointly owe unpaid monies. Defendants Jose and Manuel Diaz together owned corporate defendant Queens Circuit Management Corp. ("QCM"). Compl. ¶¶ 8, 10. Because defendants Jose and Manuel Diaz owned QCM together, they, along with QCM, may be held jointly and severally liable for the same damages. *See* Compl. ¶ 44. Thus, deferring consideration of

damages with respect to the defendant in default until after plaintiffs' contested claims are litigated will minimize the risk of inconsistent awards.

Federal Rule of Civil Procedure 54(b) provides that "a court may direct the entry of a final judgment as to one or more but fewer than all of the . . . parties only upon an express determination that there is no just reason for delay. . . ." If plaintiffs seek to proceed with a damages inquest against the defaulting defendant Jose Diaz at this stage of the litigation, as opposed to deferring the inquest until the claims against the appearing defendants have been resolved, they shall submit a memorandum of law explaining why this court should conclude that "there is no just reason for delay" pursuant to Rule 54(b). *See Smith v. Half Hollow Hills Cent. Sch. Dist.*, 298 F.3d 168, 171 (2d Cir. 2002).

For all these reasons, and absent further application by plaintiffs filed no later than March 23, 2012, this Court will terminate plaintiffs' motion for default judgment against Jose Diaz, without prejudice to plaintiffs' right to renew the motion after any determination of liability and damages with respect to defendants QCM and Manuel Diaz. Plaintiffs shall promptly serve a copy of this Order on Jose Diaz at his last known address.

SO ORDERED.

/s
Steven M. Gold
United States Magistrate Judge

March 9, 2012
Brooklyn, New York

*U:\eoc 2012\inquests\scheduling orders\queens circuit stay order.docx*