UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
TRUSTEES OF THE PENSION AND
WELFARE FUNDS OF THE MOVING
PICTURE MACHINE OPERATORS UNION,
LOCAL 306,

                              Plaintiffs,

         -against-                                     ORDER
                                                           11-CV-5882 (SMG)
QUEENS CIRCUIT MANAGEMENT CORP.,
MANUEL DIAZ, and JOSE DIAZ,

                              Defendants.
------------------------------------------------------------X
*Gold, S., U.S.M.J.:*

       Plaintiffs seek entry of a default judgment against defendant Jose Diaz. Rule 55 of the Federal Rules of Civil Procedure provides that "a default judgment may be entered against a minor or incompetent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared."

       Although Diaz has not appeared in the action, he has, through his daughter, submitted documents to the Court suggesting that he may be incompetent. More specifically, Diaz' daughter has submitted to the Court, among other documents, what appear to be the following: (1) a note dated March 5, 2014 from Dr. Luis E. Rodriguez , a medical doctor in Puerto Rico, reporting a diagnosis of Alzheimer's disease, stage II and a "Minimental" score of seven, Docket Entry 64 at 6; (2) a letter from Dr. Jeffrey Kessler, a Long Island-based neurologist stating that Diaz "suffers to a significant degree of dementia and is unable to participate in legal proceedings on his own," Docket Entry 70 at 3; and (3) a letter from Kimberly Bent, a social worker who serves as the director of residential relations at an assisted living facility advising that Diaz resides there, requires constant reminders to wear his oxygen and "can no longer manage

activities of daily living on his own," Docket Entry 70 at 4. Plaintiffs acknowledge that Stage II Alzheimer's disease may indicate symptoms including forgetfulness, unusual reasoning and confusion, and that a score of less than nine on the Mini-Mental State Examination is associated with severe cognitive impairment. Pl. Mem. at 7, Docket Entry 63. No guardian, conservator or other like fiduciary has appeared on behalf of defendant Diaz.

Federal Rule of Civil Procedure 17(c) provides that a court "shall appoint a guardian ad litem for an infant or incompetent person not otherwise represented in an action or shall make such other order as it deems proper for the protection of the infant or incompetent person." As the Second Circuit has noted, "[t]he rule gives us no guidance regarding the circumstances that warrant a competency inquiry." *Ferrelli v. River Manor Health Care Center*, 323 F.3d 196, 201 (2d Cir. 2003).

The Circuit pointed out in *Ferelli*, though, that regardless of whether the rule *requires* appointment of a guardian, a court has discretion to consider whether a guardian should be appointed when a "significant question regarding [a party's] mental capacity" has been raised, and that "such consideration may be particularly appropriate in the case of a defendant who shows signs of severe incapacity, in part because a judgment entered against a mentally incompetent defendant not represented by a guardian or a guardian ad litem may be subject to collateral attack at a later date." *Id*. at 203. Moreover, when a court "receive[s] verifiable evidence from a mental health professional demonstrating that the party is being or has been treated for mental illness of the type that would render him or her legally incompetent, it would likely be an abuse of the court's discretion not to consider whether Rule 17(c) applied." *Id*. at 202. *See also*, *Bowen v. Rubin*, 213 F. Supp. 2d 220, 223 (E.D.N.Y. 2001) (noting that the authority of a court to appoint a guardian ad litem is broadly construed and not limited by a

narrow definition of incompetency).

The evidence presented on behalf of Diaz, enumerated above, at least arguably demonstrates that he suffers from a mental illness that renders him incompetent, and certainly raises at a minimum a significant question about his mental capacity. Plaintiffs seem to acknowledge as much, but argue that a default judgment should be entered nevertheless because Diaz' incapacity has not been demonstrated by "competent, admissible medical evidence." Pl. Reply at 2, Docket Entry 71. Plaintiffs question Dr. Rodriguez' qualifications and describe his note as unsworn hearsay, and assert that Dr. Kessler's note is vague, conclusory and lacking in evidentiary foundation. Pl. Reply at 4-5. Plaintiffs argue that a default judgment should be entered when a defendant presents only indicia, and not a determination, of mental incompetency.

While Diaz has not presented sworn medical testimony, I take into account that he is not represented by counsel. Moreover, there appears to be no reason to question the authenticity or reliability of the medical documents Diaz has presented. Nevertheless, if plaintiffs seek to investigate Diaz' mental status further – for example, by seeking depositions of his treating doctors or having their own expert examine Diaz or review his medical records and submit a report – I see no reason, subject to review of any objection made by defendant, to preclude them from doing so.

Accordingly, plaintiffs shall submit a letter by April 15, 2015 indicating how they intend to proceed. If plaintiffs do not seek to discover or present additional information about Diaz' competence, I will conclude from the documents now before the court that consideration of whether appointment of a guardian is warranted and will explore the subject further with defendant's daughter.

Counsel for plaintiff shall promptly serve a copy of this Order upon the daughter of defendant Jose Diaz and file proof of service with the Court.

SO ORDERED.
/s/
Steven M. Gold
United States Magistrate Judge

Brooklyn, New York
March 19, 2015

*U:\KJ 2014-15\Local 306 v. Queens Circuit Mgmt Corp. 11-CV-5882\Order 031915.docx*